IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-00363-JD |
| | ) | |
| UNITED STATES ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Petitioner Joshua Moore filed this action for a writ of habeas corpus under 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge Gary M. Purcell for initial proceedings under 28 U.S.C. § 636(b)(1)(B). Judge Purcell screened Mr. Moore's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. On April 24, 2020, Judge Purcell issued a Report and Recommendation [Doc. No. 5] recommending that the action be dismissed without prejudice because Mr. Moore had not exhausted his administrative remedies. Judge Purcell advised Mr. Moore of his right to object to the Report and Recommendation.

On May 12, 2020, Mr. Moore mailed a letter to the Court, advising that he had no knowledge of this action and requesting that the Court "remove this entire case and any and all documents pertaining to it from any and all systems and records." [Doc. No. 7]. Mr. Moore states that he did not "ask for or seek any relief pertaining" to this case.

Upon review of Mr. Moore's letter, the Court:

(1)   ADOPTS the Report and Recommendation [Doc. No. 5] issued by Judge Purcell on April 24, 2020; and

  (2)  DISMISSES Mr. Moore's Petition for Writ of Habeas Corpus without prejudice.

Although dismissal of this case without prejudice removes the case from the Court's open case docket,[1] the Court cannot seal or completely remove the case from the judicial record, which the Court construes Mr. Moore's letter as additionally seeking. While the Court is sensitive to Mr. Moore's concern outlined in his letter postmarked May 12, 2020, Mr. Moore's letter stands as part of the judicial record and reflects his position on this case. The Court does not find his concern, however, to sufficiently outweigh the strong presumption in favor of access to judicial records that would justify sealing. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

IT IS SO ORDERED this 16th day of June 2020.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Black's Law Dictionary (11th ed. 2019) defines "dismissed without prejudice" of a case to mean "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim."